MARGARITA ROMAGUERA MORILLO, ETC., Appellant, v. REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 1121. Submitted May 24, 1943.—Decided July 31, 1943.

J. C. Santiago Matos for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Providencia Morillo widow of Romaguera and her daughter, Margarita Romaguera Morillo, filed a complaint in the District Court of Ponce against the firm, José Romaguera e Hijos, seeking the dissolution and liquidation of said firm, and upon presenting a copy of said complaint for record in the Commercial Registry of Ponce, the registrar refused on the following ground:

"Entry of this complaint in the page allotted to the firm 'José Romaguera e Hijos' is hereby denied because no provision of the Code of Commerce authorizes recordation in the commercial registry of the complaint of dissolution and liquidation of partnerships. In pursuance with the Act on Appeals from Decisions of the Registrars of Property, approved May 1, 1902, a cautionary notice is entered for 120 days at folio 121 of volume 43 of Partnerships, page 1504, entry letter 'A'. Ponce, March 15, 1943."

In order to review the registrar's note the present appeal has been taken.

Petitioner admits in her brief "that when we presented the complaint for record in the commercial registry, we did not'rely on §91 of the Code of Civil Procedure nor on §42 of the Mortgage Law," and further admits that she has found no decision of this court on the matter in question and neither has she found any decisions of Spain which support her contention that a complaint seeking the dissolution of a partnership may and should be recorded in the registry, However, she contends that according to §§15 and 18 of the Code of Commerce and §38 of the Provisional Regulations for the Organization and Government of the Commercial Registry, approved December 21, 1885, still in force, the respondent should have entered the complaint.

It is precisely on these Sections that the registrar respondent grounds the refusal of the entry sought. Said Sections provide:

"Section 15. On the page of the record allotted to each merchant or partnership, there shall be entered:

"1. His name or the firm name;

"2. The kind of commerce or transactions engaged in;

"3. The date of the commencement of business;

"4. The domicile, with a statement of such branches as may have been established, without prejudice to the registration of said branches in the register of the district in which they are domiciled;

"5. The deeds of constitution of partnerships, whatever their object or denomination may be; and instruments modifying, rescinding, or dissolving such partnerships;

"6. Such general powers-of-attorney as may be given to managing partners, factors, employees, and other agents, and the revocation of said powers, if any;

"7. The express consent of the husband, to which Section 6 of this Code refers;

"8. The revocation of authorization granted a wife to engage in commerce;

"9. Deeds of dowry, marriage articles, and deeds showing ownership of the paraphernal property of the wives of merchants;

"10. Issues of certificates of indebtedness and of obligations of individual merchants, or commercial or industrial partnerships, and

issues of stock by special partners. The series and number of each instrument of each issue, the rate of interest, redemption, total amount of the issue, and such property, improvements, rights or mortgages, if any, as may be affected to secure payment, shall all be stated.

"In addition to the documents prescribed for partnerships organized in Porto Rico, foreign commercial or industrial partnerships, or special partnerships, desiring to establish themselves in Porto Rico or to establish branches in the Island, shall file and have recorded in the registry a certification issued by the United States Consul showing them to be organized and authorized according to the laws of the respective country. In cases of commercial or industrial partnerships organized in any of the States of the United States, said certification shall be issued by the Secretary of State of such State."

      ⁓       ⚬       ⚬       ⚬       ⚬       *       ⚬       *

"Section 18. There shall also be entered in the registry all resolutions or acts which produce and increase or decrease in the capital of commercial associations, no matter what may be their denomination, and those which modify or alter the conditions of the recorded instruments.

"The omission of this requisite shall produce the effects mentioned in the foregoing section."

 "       *       *       ⚬       *       *       *       ⚬

"Section 38. Besides the record of the instruments referred to in article 36 of these regulations, associations must place on record:

"1. All acts, resolutions, contracts, and circumstances which may affect the free disposition of the capital or credits, as well as those changing or modifying the conditions of the instruments recorded.

"2. The powers, general as well as special, for specific transactions as well as the modification, constitution and revocation of the same. For the record of these instruments, registrars shall conform to the provisions contained in article 31 of these regulations.

"3. The issue of stock, certificates, obligations of all kinds, and bank notes, and the cancellation of the respective entries.

"4. Certificates of industrial property, patents, and trade-marks, in the form and manner established by the laws.

"5. The extension of the life of the association.

"6. Its partial rescission and total dissolution except when the latter takes place by reason of the termination of the period for which it was established, the records in such cases being voluntary."

A mere examination of these provisions show that they lend no support to petitioner's contention that a complaint may be recorded in the commercial registry.

The decision appealed from is affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.